RECEIVED
NOV 2 1 2019

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FOR THE FIRST JUDICIAL DISTRICT

RECEIVED
CITY CLERK
JACKSON, MS.

BETTERSTEN R. WADE AND VERNICE
ROBINSON, INDIVIDUALLY AND ON
BEHALF OF ALL THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF GEORGE ROBINSON, DECEASED

                                                    PLAINTIFFS

vs.                                     CIVIL ACTION NO.: 19-725

CITY OF JACKSON, MISSISSIPPI; ANTHONY
FOX (In his individual and official capacities);
DESMOND BARNEY (In his individual and
official capacities); LINCOLN LAMPLEY (In his
individual and official capacities); AND AMERICAN
MEDICAL RESPONSE, INC.

                                                    DEFENDANTS

---

## SUMMONS

---

THE STATE OF MISSISSIPPI

TO:  Chokwe Lumumba, *Mayor of City of Jackson*
      on behalf of
      **City of Jackson, Mississippi**
      219 South President Street
      Jackson, Mississippi.

### NOTICE TO DEFENDANT

### THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of your written response to the

Complaint and Discovery to Dennis C. Sweet III, the attorney for the Plaintiff, whose

street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response



EXHIBIT
tabbies
A

must be mailed or delivered within thirty days (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the ___19th___ day of ___November___, 2019.

(Seal)

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY: _____ D.C.

Counsel for Plaintiffs
Dennis C. Sweet, III, MSB# 8105
SWEET & ASSOCIATES, P.A.
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700
Facsimile: (601) 965-8719

ATTEST A TRUE COPY
NOV 19 2019
ZACK WALLACE, CIRCUIT CLERK
BY: _____ D.C.

IN THE CIRCUIT COURT OF HINDS COUNTY,
MISSISSIPPI FIRST JUDICIAL DISTRICT

BETTERSTEN R. WADE AND
VERNICE ROBINSON,
INDIVIDUALLY AND ON
BEHALF OF ALL THE HEIRS
AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF GEORGE ROBINSON, DECEASED                    PLAINTIFFS

vs.                                CIVIL ACTION NO.:  19-725

CITY OF JACKSON, MISSISSIPPI; ANTHONY
FOX (In his individual and official
capacities); DESMOND BARNEY (In his
individual and official capacities);
LINCOLN LAMPLEY (In his
individual and official capacities); AND AMERICAN
MEDICAL RESPONSE, INC.                         DEFENDANTS

---

## FIRST AMENDED COMPLAINT

---

COMES NOW the Plaintiffs, Bettersten R. Wade and Vernice Robinson (also referred to as "Plaintiffs"), by and through counsel, and file this Complaint against the above named Defendants. In support thereof, Plaintiffs would respectfully show unto this Honorable Court the following, to-wit:

I.

### INTRODUCTION

1.      This is a wrongful death action brought as a result of the collective assault,

negligence, gross negligence and reckless disregard for the safety of others by the Defendants. Plaintiffs' claims arise as a direct and proximate consequence of an incident that occurred on or about January 13, 2019 in Jackson, Hinds County, Mississippi.

2.      This is also a Federal Civil Rights Action brought as a result of a violation of, *inter alia,* the federal, civil, constitutional, and human rights of George Robinson. On or about January 13, 2019, law enforcement personnel inflicted unnecessary bodily harm on George Robinson through the use of excessive unreasonable and unjustifiable force. The act of the Defendants in the use of said force against George Robinson and others, enforced pursuant to an official policy, is so pervasive as to have the impact of custom and usage. As a direct and proximate consequence, George Robinson was severely injured and died. It is alleged that certain Federal Statutes, to include 42 U.S.C. Section 1983 with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. In particular, Defendants violated George Robinson's Fourth Amendment, Eight Amendment, Fourteenth Amendment, and other rights under the United States Constitution. Therefore, the Plaintiffs file this wrongful death action and pray for the result set forth in the following paragraphs.

II.

### JURISDICTION AND VENUE

3.      This Honorable Court has jurisdiction and venue over the parties and this cause of action.

4.      Venue is properly established before this Court in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in Hinds County, Mississippi.

2

## III.

## PARTIES

5.      Plaintiffs, Bettersten Wade and Vernice Robinson, are adult resident citizens of Hinds County, Mississippi.

6.      Defendant, City of Jackson, Mississippi, is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The city is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983 and may be served through its Mayor or chief executive officer, Chokwe Lumumba, 219 South President Street, Jackson, Mississippi.

7.      Defendant, Anthony Fox, is an adult resident citizen of Hinds County, Mississippi and may be served with process at 327 East Pascagoula Street, Jackson, Mississippi.

8.      Defendant, Desmond Barney, is an adult resident citizen of Hinds County, Mississippi and may be served with process at 327 East Pascagoula Street, Jackson, Mississippi.

9.      Defendant, Lincoln Lampley, is an adult resident citizen of Hinds County, Mississippi and may be served with process at 327 East Pascagoula Street, Jackson, Mississippi.

10.     Defendant, American Medical Response, Inc., is a foreign corporation doing business within the State of Mississippi, and which may be served with process of this court via Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi.

IV.

## FACTS

11.     On January 13, 2019, George Robinson (also referred to as "Mr.

Robinson") was sitting in his motor vehicle while parked on Jones Street, in Jackson,

Mississippi, in front of his residence. Mr. Robinson was not committing, nor had committed, a

crime, was not the subject of any active warrant for his arrest, nor did he fit a description of

anyone who had committed a crime.

12.     The Jackson Police Department has squads of officers that go to" hot spot

areas" of the city, "jump out" of their cars, and detain ordinary citizens for "field interviews."

Patrolmen do it in marked vehicles, while narcotics officers- who are more

"aggressive"--do it in unmarked vehicles. These officers do not necessarily suspect that the

person has committed a crime; all that matters to them is that the person happens to be

present in a targeted neighborhood. Jackson's various Police Chiefs have known about the

practice and it has continued for years. These tactics, policies and procedures are mainly used

in poor and predominately African-American neighborhoods.

13.     The Jackson Police Department targeted Jones Street as a "hot spot" because

of recent crime in the area.  Jones Street is located in the Washington Addition neighborhood

or section of Jackson, which is known as a poor and predominately African-American section

of Jackson. Pursuant to the Jackson Police Department's established policy and procedures,

on January 13, 2019, officers of the Jackson Police Department went to the Jones Street area

where they executed this process of interviewing and harassing citizens in that area.

14.     On the date in question Mr. Robinson pulled his vehicle in front of his

residence. He was then approached by Defendant officers Anthony Fox, Desmond Barney,

and Lincoln Lampley. Mr. Robinson had not committed any crime, was not the subject of

4

any active warrant, and was not a threat to himself or any person in the area. Mr. Robinson

had recently suffered a stroke and was in a frail state. Defendant officers Anthony Fox,

Desmond Barney, and Lincoln Lampley approached Mr. Robinson and ordered him from his

vehicle. As he was attempting to exit his vehicle, these officers pulled Mr. Robinson from the

vehicle and thereafter brutally, viciously, and mercilessly beat Mr. Robinson by striking and

kicking him. At no time during this event was Mr. Robinson threatening harm to himself or

anyone else.

15.     As a direct and proximate result of the Defendants' actions, Mr. Robinson

suffered severe injury to his head and head area. Such injury resulted in cerebral edema, or

brain swelling, which led to Mr. Robinson's death.

16.     The Defendant police officers violated Mr. Robinson's Fourth Amendment

and Fourteenth Amendment Constitution Rights by conducting an illegal seizure of Mr.

Robinson and denying him his right to due process. The Defendant police officers' seizure

was not pursuant to the seizure of a fleeing felon. Mr. Robinson had not committed a

felonious act. Further, the Defendants' seizure was illegal in that Mr. Robinson was not an

imminent threat to himself or anyone else. The Defendants' actions were not objectively or

subjectively reasonable.

17.     During all relevant times, the named Defendant officers were present and on

the scene involving Mr. Robinson. However, the Defendant officers, or at least one such

person, failed to intervene to prevent the deprivation of Mr. Robinson's rights. Additionally,

none of the Defendant officers reported the misconduct- rather, each acquiesced in the cover-

up.

18.     At all relevant times, Mr. Robinson did not threaten to harm anyone. At all

5

relevant times, the Defendant officers were not in imminent fear of being harmed. The detainment, beating, and harm to Mr. Robinson was objectively unreasonable. Further, detainment and beating of Mr. Robinson was an excessive use of force.

19.     The Defendant officers deprived Mr. Robinson of his Constitutional Right under the Fourth and Fourteenth Amendment by using unreasonable physical force and/or authority to restrain the life and liberty of Mr. Robinson.

20.     Defendants collectively owed a duty of care to Mr. Robinson, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances. The Defendant officers' actions were done in reckless disregard to the safety of Mr. Robinson and others.

21.     Defendants' actions breached the duty of care owed to Mr. Robinson, and were the sole, proximate cause of the damages and ultimate death of Mr. Robinson.

22.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Mr. Robinson was deprived of various constitutional rights. As a direct and proximate result of the acts of Defendants, Mr. Robinson suffered injuries and damages, including but not limited to:

a.     Violation of his Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b.     Loss of his physical liberty;

c.     Intentional, offensive contact with his body; and

d.     Loss of his life.

23.     At all relevant times, the Defendant officers were acting under color of law

6

and under color of authority as police officers, employees, and agents of the Jackson Police Department, and as agents of the City of Jackson. As a matter of law, the fact that the officers were not terminated and the Civil Service Commission reinstated the officers to their original positions shows that the officers' actions were in line with the policies and procedures of the City of Jackson and the Jackson Police Department.

V.

### CLAIMS FOR RELIEF

NEGLIGENCE

24.

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

25.    At the time and on the occasion m question, the Defendant officers, individually, jointly and severally, possessed a duty of ordinary care while acting as officers of the law. Specifically, the Defendant officers and other officers of the Jackson Police Department possessed the duty to keep Mr. Robinson and others reasonably safe, to avoid reasonable harm to Mr. Robinson, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. Defendants breached their duty of care by not keeping Mr. Robinson and others reasonably safe.

26.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants, individually, jointly and severally, resulted in Mr. Robinson's and/or the Plaintiffs' damages.

7

## GROSS NEGLIGENCE

27.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

28.   The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Mr. Robinson.

29.   The Defendant officers and other members of the Jackson Police Department had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Mr. Robinson herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiffs are entitled to the recovery of punitive damages.

30.   The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants resulted in Mr. Robinson's and/or the Plaintiffs' damages.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

31.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

32.   At the time and on the occasion in question, Defendant, City of Jackson, Mississippi, and other officers with the Jackson Police Department, were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who assaulted and killed Mr. Robinson.

33.   Defendant, City of Jackson, Mississippi, had a duty to exercise ordinary care

8

in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force. The Defendant breached that duty in the following respects, among others:

     (a)    failing to adequately train employees, agents or servants;

     (b)    failing to properly supervise employees, agents or servants;

     (c)    failing to comply with laws, rules, statutes, standards and regulations regarding arrests, and;

     (d)    other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Mr. Robinson's and/or the Plaintiff's damages.

## RES IPSA LOQUITUR

34.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.    At all pertinent times, Defendants collectively were in sole and complete control of Mr. Robinson and the personnel who had a duty to protect him. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

36.    Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their personnel to prevent Mr. Robinson's and/or the Plaintiffs' damages.

37.     The duty of care owed to the Mr. Robinson was therefore breached by the Defendants.

38.     The manner of damage to Mr. Robinson's person is the type of event that does not ordinarily occur in the absence of negligence.

39.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

40.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by Mr. Robinson and/or the Plaintiffs.

## RECKLESS DISREGARD

41.     Plaintiffs re-allege and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

42.     The act(s) and/or omission(s) of Defendants, in both their official and individual capacity constituted a reckless disregard for the rights and safety of Mr. Robinson. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of Mr. Robinson as defined under Mississippi law.

43.     The act(s) and/or omission(s) of the Defendants were a proximate cause as to the injuries and damages sustained by Mr. Robinson and/or the Plaintiffs.

## VICARIOUS LIABILITY - RESPONDEAT SUPERIOR (MTCA)

44.     Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

45.     Upon information and belief, the Defendant officers involved in this matter were employee(s), servant(s), and/or agent(s) of the Jackson Police Department and the City of Jackson, Mississippi. Thus, the principal Defendant, City of Jackson, Mississippi, is vicariously liable for the actions of its employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

## AGENCY (MTCA)

46.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein.

47.     At the times material hereto, the Defendant officers and other members of the Jackson Police Department were in the course and scope of their employment and acted in furtherance of the interest of the Jackson Police Department and/or City of Jackson, Mississippi.

48.     The Defendant officers and other officers and employees of the Jackson Police Department were an apparent agent acting within his actual or apparent authority of the City of Jackson, Mississippi; therefore, Defendant, City of Jackson, Mississippi, is liable for the actions of its employee(s) statutory employee(s)/agent(s).

## ASSAULT

49.     Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

50.     The acts(s) and/or omission(s) of Defendants, in both their official and

11

personal capacities, establish that the Defendant officers committed a civil assault. Mr. Robinson's reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendants officers' overt acts of beating or striking Mr. Robinson constituted a threat or menace to Mr. Robinson. The Defendant officers, and other agents of the Jackson Police Department, present the apparent ability to inflict threatened harm and physical injury upon Mr. Robinson established that Defendants committed a civil assault.

51.     The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by Mr. Robinson and/or the Plaintiffs.

## BATTERY

52.     Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

53.     The acts(s) and/or omission(s) of the Defendant officers, in both their official and personal capacities, establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of Mr. Robinson caused by the act(s) of Defendants, whether directed at Mr. Robinson personally or at a third party. The Defendant officers committed civil battery upon Mr. Robinson by striking him and causing his death.

54.     The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by Mr. Robinson and/or the Plaintiffs.

## THE COMMON LAW TORT OF OUTRAGE

55.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

56.     The Defendants' overall conduct on the date in question was so outrageous that

12

it shocked the moral and legal conscience of the community. This outrageous conduct resulted in Mr. Robinson's injuries and death. The manner, method, and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

57.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## WRONGFUL DEATH

58.     Plaintiffs re-allege and hereby incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

59.     Pursuant to Miss. Code Ann. 11-7-13, whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Mr. Robinson's death was caused by the tortious acts by the Defendants. Therefore, Mr. Robinson's estate, or other interested party, should be able to maintain an action and recover damages from the Defendants.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
### TITLE 42 U.S.C. §1983
### (General Allegations)

60.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

61.     In committing the acts complained of herein, Defendants acted under color of

13

state law to deprive Mr. Robinson of certain constitutionally protected rights under the Constitution of the United States.

62. At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

63. Consequently, while acting under the color of the law, Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Mr. Robinson were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Mr. Robinson, thus, causing him certain injuries which resulted in his death. As a direct and proximate consequence of the Defendants' actions, Mr. Robinson was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

64. In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendant officers acted maliciously by using force and physical violence designed and intended to cause Mr. Robinson physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave and serious condition Mr. Robinson was left in.

65. The conduct and actions of Defendants, acting in concert and under color of law, in authorizing, directing and/or causing Mr. Robinson to be improperly detained, assaulted, and beaten was excessive and unreasonable, was done intentionally, willfully,

14

maliciously, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and death in violation of Mr. Robinson 's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

66.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, Mr. Robinson suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

67.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983

### (*MONELL* CLAIM AGAINST DEFENDANT, CITY OF JACKSON, MISSISSIPPI)
### (Failure to Implement Appropriate Policies, Customs and Practices)

68.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

69.     Defendant, City of Jackson, (also referred to as "Municipal Defendant") directly caused the constitutional violations suffered by Plaintiffs and the decedent, and is liable for the damages suffered by the Plaintiffs and decedent as a result of the conduct of Municipal Defendant and its officers. The conduct of the Municipal Defendant's officers was a direct consequence of policies and practices of the Municipal Defendant and/or the Jackson Police Department.

70.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, had in effect policies , practices, and customs that condoned and fostered the unconstitutional conduct of the Defendant officers, and were a direct and proximate cause of the damages and injuries complained of herein.

71.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department and through the Defendant officers, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights. Upon information and belief, Municipal Defendant, acting through the Jackson Police Department, planned and implemented a policy, practice, custom and usage of excessive force, obstruction of justice, among other things, using excessive force against private citizens, and discouraging officers from reporting the misconduct of other officers. In connection with the events complained of herein, Municipal Defendant consciously disregarded the illegality and unconstitutionality of the Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

72.     Municipal Defendant knew or   should   have   known   of   the Defendant officers' propensity to engage in misconduct of the type alleged herein.

73.     It was the policy and/or custom of Municipal Defendant to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead tolerated, ignored and actually sanctioned by the Jackson Police Department by the mere act of not adequately reprimanding the Defendant officers, and failing to report such misconduct or follow-up with the appropriate authorities.

74.     It was the policy and/or custom of Municipal Defendant to inadequately train,

16

supervise and discipline its officers/deputies, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of officers. Municipal Defendant did not require appropriate in-service training or re- training of officers to ensure they were qualified in the use of force, detainment, and the reporting of illegal conduct.

75.    As a result of the above described policies and customs, among other things, Municipal Defendant, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

76.    The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of Municipal Defendant to the constitutional rights of persons within Jackson, Mississippi and were the direct and proximate cause of the violation of the rights of Mr. Robinson.

77.    Municipal Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, allowed employees of the Jackson Police Department to assault Mr. Robinson and allowed employees of the Jackson Police Department to cover up illegal conduct.

78.    The failure of the Municipal Defendant, including the Jackson Police Department, to adequately train and supervise its officers amounts to a deliberate indifference to the rights of Mr. Robinson to be free from excessive force, among other things, under the Constitution of the United States.

79.    Upon information and belief, Municipal Defendant has a custom and/or pattern of allowing similar actions of this nature. Municipal Defendant has a history and/or pattern of allowing similar conduct from their officers. Municipal Defendant has

not taken the proper action to stop incidents of this nature. The Municipal Defendant allowed Defendant officers to remain employed as officers after assaulting Mr. Robinson and causing his death.

80.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Robinson as alleged herein of certain constitutionally protected rights. Thus, Mr. Robinson and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

81.     Municipal Defendant caused the constitutional violations suffered by Plaintiffs and the decedent, and is liable for the damages suffered by Plaintiff and the decedent as a result of the conduct of the Municipal Defendant's officers. The conduct of the Municipal Defendant's officers was a direct consequence of policies and practices of the Municipal Defendant.

82.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

83.    At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights. Upon information and belief, Municipal Defendant planned and implemented a policy, practice, custom of obstruction of justice, among other things, and discouraged officers from reporting the misconduct of other officers, and failed to intervene and prevent the unconstitutional actions of the individually

18

named officers. In connection with the events complained of herein, Municipal Defendant consciously disregarded the illegality and unconstitutionality of the Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

84.     Municipal Defendant knew or should have known of the Defendant officers' propensity to engage in misconduct of the type alleged herein.

85.     It was the policy and/or custom of the Municipal Defendant to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead tolerated and/or ignored.

86.     It was the policy and/or custom of the Municipal Defendant to inadequately train, supervise and discipline its officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers.

87.     As a result of the above described policies and customs, among other things, Municipal Defendant, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

88.     The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of the Municipal Defendant to the constitutional rights of persons within Jackson, Mississippi and were the direct and proximate cause of the violation of the rights of Mr. Robinson.

89.     Municipal Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, failed to intervene to prevent employees of the Jackson Police Department from illegally detaining and assaulting

Mr. Robinson.

90.    The failure of Municipal Defendant to adequately train and supervise the officers amounts to a deliberate indifference to the rights of Mr. Robinson to be free from excessive force, among other things, under the Constitution of the United States.

91.    Upon information and belief, Municipal Defendant has a custom and/or pattern of allowing similar actions of this nature. Municipal Defendant has a history and/or pattern of allowing similar conduct from its officers. Municipal Defendant has not taken the proper action to stop incidents of this nature.

92.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Robinson, as alleged herein, of certain constitutionally protected rights. Thus, Mr. Robinson and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (Refusing or Neglecting to Prevent)

93.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

94.    At all times relevant to this Complaint the Defendant officers acted as agents of the Municipal Defendant and were acting under the direction and control of the Jackson Police Department.

95.    At all times relevant to this Complaint, the Defendant officers acted as agents of the Jackson Police Department and were acting under the direction and control of the Jackson Police Department.

96.    Acting under color of law and pursuant to official policy or custom, Municipal

Defendant knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Mr. Robinson by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Mr. Robinson of his constitutional and statutory rights, privileges, and immunities.

97.     Municipal Defendant had knowledge or, had it diligently exercised its duties to instruct, supervise , control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

98.     Municipal Defendant directly or indirectly, under color of law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant officers heretofore described.

99.     As a direct and proximate cause of the negligent and intentional acts of the Municipal Defendant as set forth above, Mr. Robinson suffered physical injury and loss of life in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, and Fourteenth Amendments of the Constitution of the United

States and protected by 42 U.S.C. § 1983.

21

## Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Intervene)

100.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

101.   At all times material hereto, Defendants had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

102.   At all times material hereto, Defendants were deemed with the responsibility and authority of intervening while other officers assaulted Mr. Robinson without probable cause or justification.

103.   Consequently, Defendants breached the duty owed to Mr. Robinson. Defendants' breach was the proximate cause of the injuries and damages sustained by Mr. Robinson and/or the Plaintiffs. Furthermore, the Defendant officers' actions and/or omissions violated Mr. Robinson's constitutional rights which led to the injuries and death alleged in this Complaint.

### Medical Negligence

104.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

105.   At all times material hereto, Defendant, American Medical Response, Inc., had a duty to provide Mr. Robinson with proper care and treatment following his assault by the Defendant officers.

106.   The Defendant, American Medical Response, Inc., failed to properly diagnose, treat, and care for Mr. Robinson. The Defendant's treatment and care of Mr.

22

Robinson fell below the standard of care required of medical providers.

107.    As a direct and proximate cause of the negligence of the Defendant, as set forth above, Mr. Robinson suffered physical injury and loss of life.

## VI.

## DAMAGES

108.    Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint as if set forth herein in their entirety.

109.    Plaintiffs, individually and on behalf of the heirs at law and wrongful death beneficiaries of George Robinson, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of George Robinson, pray for judgment against Defendants, as follows:

1.    For damages to be determined by a jury, and in an amount adequate to compensate Plaintiffs for all the injuries and damage sustained;

2.    For all general and special damages caused by the alleged conduct of Defendants;

3.    For the costs of litigating this case;

4.    For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and;

5.    For all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law.

Plaintiffs reserve the right to amend and state further with respect to their damages.

23

## VII.

### PUNITIVE DAMAGES

110.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

111.    Pursuant to Miss. Code Ann. § 11-1-65 and Title 42 U.S.C. §1983, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of Mr. Robinson and/or the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## VIII.

### JURY TRIAL DEMANDED

112.    Plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

Dated:        This, the 24th day of October, 2019.

Respectfully submitted,

BETTERSTEN R. WADE AND
VERNICE ROBINSON

By: /s/ Dennis C. Sweet III
DENNIS C. SWEET III

24

OF COUNSEL:

Dennis C. Sweet III – MSB: 8105
Dennis C. Sweet IV – MSB: 103009
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS 39201
601-965-8700 Telephone
601-965-8719 Fax